Frank Louis HENKE, Petitioner—
Appellant,

v.

K. PROSPER, Warden, Respondent—
Appellee.

No. 04–56986.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Frank Louis Henke, Susanville, CA, pro se.

Matthew C. Mulford, Esq., Taylor Nguyen, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Frank Louis Henke appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Appellant contends that the state court erred in finding that prior knowledge of his status as a parolee was not required in order to retroactively justify the reasonableness of an otherwise illegal search. Appellant's motions to supplement the opening brief, filed on February 18, and March 23, 2005, are granted.

Federal habeas review is precluded where the state has provided appellant "an opportunity for full and fair litigation of a Fourth Amendment claim." *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Upon review of the record, we conclude that appellant took advantage of his opportunity to litigate this issue in state courts. *See Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 899 (9th Cir.1996).

There is no "clearly established Federal law, as determined by the Supreme Court of the United States" regarding whether the existence of a parolee's status renders reasonable a suspicionless search. *See* 28 U.S.C. § 2254(d)(1); *Moreno v. Baca,* 400 F.3d 1152, 1164, n. 9 (9th Cir.2005). Accordingly, the state court's finding was not objectively unreasonable, and we affirm. *See Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.